# LAW OFFICES OF SCOTT E. LEEMON, P.C.

41 Madison Avenue, 25th Floor
New York, New York 10010
(212) 696-9111--- Office
(917) 238-0880---Mobile
(800) 856-9712---Fax
scott@leemonlaw.com
www.leemonlaw.com

-------------------------------------------------------------------------

August 11, 2014

Via ECF & Email
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Ji Yun Lee*
                Criminal Docket: 13 CR 0290 (PAC)

Dear Judge Crotty:

    In connection with the above referenced matter, I write to join in the requested jury instructions filed by Mr. Riopelle on Mr. Hi Jong Lee's behalf.

    As to the statement of Christina Chai, it is impossible to completely respond to the Government's motion *In Limine* when they have not disclosed the entire statement to anyone but Ms. Chai's counsel[1]*.*

---

[1] As such, I ask the court to Order the Government to turn it over immediately and grant counsel an additional 24 hours to address any new issues that might come up

Based upon the Government's summary, in a general sense, I join in Mr. Agnifilo's opposition and will briefly highlight some additional objections to their admission.

The Government cannot have it both ways—use the statements that help them and then move to preclude the statements that do not support their theory of the case.[2]  If the statement is ruled admissible[3], the complete, whole statement must be given to the jury.


Thank you.

                                             Very truly yours,

                                             /s/

                                           Scott E. Leemon

cc:  All counsel (via ECF)

---

[2] Under FRE 106, the doctrine of "completeness" requires the admission of the whole statement.

Here, the Government is seeking to only use the "good" portions" of the statement.  When examining if a precluded statement was proper, the Court held an "omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States* v. *Jackson*, 180 F.3d 55, 73 (2d Cir. 1999), *on reh'g*, 196 F.3d 383 (1999).  In this case, only admitting the selected portions would mislead the jury and would not ensure an impartial understanding of the selected portion.

[3] The defendant also objects to their admission under *Crawford* and FRE 403.

 The Government will argue that Ms. Chai's out of court statements implicate Mr. Lee.  As such, Mr. Lee has a constitutional right to confront his accuser.

Additionally, under FRE 403, the prejudice (especially is cross is limited) clearly outweighs the probative value of these statements.