```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA                           :
                                                   :     1:13-cr-00290-PAC-1
         - against -                               :
                                                   :     ORDER
JI YUN LEE,                                        :
         Defendant.                                :
-----------------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Ji Yun Lee ("Defendant," "Lee") moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Lee is 51 years old and currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York while awaiting transfer to a Residential Drug Abuse Program ("RDAP") at USP Lewisburg. He was sentenced to 120 months' imprisonment and his projected release date is August 31, 2023.

Because the Defendant cites no "extraordinary and compelling reasons" justifying compassionate release as required by the statute, his request is DENIED, largely for the reasons stated in the Government's opposition.

## DISCUSSION

### I. Compassionate Release Standard

Motions for compassionate release permit limited reductions to a criminal sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Van Praagh*, 1:14-cr-00189-PAC-1, 2020 WL 3892502, at *2 (S.D.N.Y. July 10, 2020). In the context of COVID-19, courts have found such reasons exist (or do not) after

inquiring into pertinent and case-specific factors including "the severity and documented history of the defendant's health conditions." *United States v. Brady*, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020). A defendant's compassionate release motion may be decided by the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

## II.    Application

Lee provides no information regarding his medical condition that would constitute an "extraordinary and compelling reason[]," 18 U.S.C. § 3582(c)(1)(A)(i), justifying a sentence reduction. *See United States v. Kosic*, 18 Cr. 30 (PAC), 2020 WL 3100459, at *2 (S.D.N.Y. June 11, 2020) ("[C]ourts . . . look[] to see both that there is a genuine need based in medical fact for a reduction in that specific defendant's sentence, and that releasing the prisoner early will not undo the important social interests expressed in the imposed sentence."). In fact, in Lee's initial request to the BOP on April 21, 2020 seeking release to home confinement, he wrote that he is "in excellent health." Dkt. 167, at 11; Dkt. 168, at 4–5. He has not indicated any change in this self-assessment. Furthermore, Defendant's expressed grounds for seeking compassionate release are that both of his parents are in their late seventies and that his wife has been kept apart from their children because she is working in New York City during COVID-19. Dkt. 167, at 5; Dkt. 168, at 4–5. These do not constitute "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i).

Separately, the sentencing factors in 18 U.S.C. § 3553(a), which the Court considers "to the extent that they are applicable," 18 U.S.C. § 3582(c)(1)(A), counsel against any reduction

here, where Lee has served only about 65 months of his sentence. Dkt. 167, at 1. Lee pled guilty to one count of conspiring to possess and possess within intent to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and his sentencing guidelines reflected his role in the illegal distribution of 329,550 tablets of that drug. Dkt. 168, at 2. He received a sentence of 48 months below the bottom of his guideline range, even as the Court recognized that his was "a most serious crime" that "took place over an extended period of time" and "imperil[ed] the lives of others . . . at the expense of his co-defendants." Sent'g Tr., Dkt. 128, at 7:20–8:13. Any reduction now on the grounds advanced by the Defendant would undercut that sentence.

## CONCLUSION

The Defendant's motion for compassionate release is DENIED without prejudice to its renewal should his condition or that of his facility materially worsen. The Clerk of Court is directed to close the motion at Docket 167.

Dated: New York, New York
       July 27, 2020

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge