UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                   :

UNITED STATES OF AMERICA         :     **FINAL ORDER OF**
                                   :     **FORFEITURE**
           -v.-                 :
                                   :     13 Cr. 290 (PAC)
JI YUN LEE,                       :
                                   :
          Defendant.           :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about November 4, 2014, this Court entered a Consent Preliminary Order of Forfeiture/ Money Judgment (D.E. 103) (the "Preliminary Order of Forfeiture"), which ordered the forfeiture to the United States of all right, title and interest of JI YUN LEE (the "Defendant") in the following property:

      i. Approximately $809,052.71 in United States currency, seized on or about February 14,2013, from Account No. 00940350431594 located at Bank of America, formerly held in the name of Stanley Getty Corp (the "Getty Account Funds");

     ii. Approximately $39,067.65 in United States currency, seized on or about February 14,2013, from Account No. 007350431594 located at Bank of America, formerly held in the names of Soon Ja Lee and Hi Jong Lee (the "Lee Account Funds"); and

    iii. $24,500 in United States currency, seized on or about January 17, 2013 from Safe Deposit Box No. 144 located at Bank of America, formerly held in the name of Soon Ja Lee (the "Safe Deposit Funds");

(i through iii, collectively, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The

Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 15, 2015, for thirty (30) consecutive days, through June 13, 2015, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on August 1, 2022 (D.E. 170);

WHEREAS, on or about May 22, 2015, notice of the Preliminary Order of Forfeiture was sent by Federal Express, to:

     i.    Marc Anthony Agnifilo, Esq.
           Brafman & Associates, P.C.
           767 Third Avenue
           New York, NY 10017

    ii.    Diane Ferrone, Esq.
           Sercarz & Riopelle, L.L.P.
           152 West 57th Street, 24th Floor
           New York, NY 10019

   iii.    Roland Gustaf Riopelle, Esq.
           Sercarz & Riopelle, L.L.P.
           810 Seventh Avenue, Suite 620

New York, NY 10019

iv.    Stanley L. Friedman, Esq.
445 S. Figueroa Street, 31st Floor
Los Angeles, CA 90071

v.    Robert Mark Hartmann, Esq.
Hartmann Law Firm
1301 Dove Street, Suite 1050
Newport Beach, CA 92660

(collectively, the "Noticed Parties");

WHEREAS, the Defendant and the Noticed Parties are the only people and/or entities known by the Government to have a potential interest the Specific Property;

WHEREAS, on or about May 28, 2015, Soon Ja Lee (the "Petitioner") filed a claim asserting her interest in the Safe Deposit Funds and in 50% of the Lee Account Funds (D.E. 141);

WHEREAS, on or about July 17, 2015, the Court entered a Stipulation and Order of Settlement (D.E. 144), which ordered the Government to release to Petitioner the sum of $44,033.83 in United States currency, of which $24,500 represents the Safe Deposit Funds and $19,533.83 represents 50% of the Lee Account Funds;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the remaining 50% of the Lee Account Funds or the Getty Account Funds (together, the "Remaining Specific Property") have been filed; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

3

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Remaining Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Remaining Specific Property.

3.      The United States Marshals Service (or its designee) shall take possession of the Remaining Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
        August 24 , 2022

SO ORDERED:

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

4